```
UNITED STATES DISTRICT COURT                           FILED
EASTERN DISTRICT OF NEW YORK                           CLERK
----------------------------------------------------X
ROBERT KOEHLER,                                        10/14/2016 9:00 am

                                                       U.S. DISTRICT COURT
                                                       EASTERN DISTRICT OF NEW YORK
                                                       LONG ISLAND OFFICE

                Plaintiff,                             MEMORANDUM OF
                                                       DECISION & ORDER
        -against-                                      16-cv-0003 (ADS) (AYS)

METROPOLITAN TRANSPORTATION
AUTHORITY,

                Defendant.
----------------------------------------------------X
```

**APPEARANCES:**

**Philip Jay Dinhofer, LLC**
*Attorney for the Plaintiff*
77 N Centre Ave - Suite 311
Rockville Centre, NY 11570
    By: Philip Jay Dinhofer, Esq.

**Hoguet Newman Regal & Kenney, LLP**
*Attorneys for the Defendant*
10 East 40th Street
New York, NY 10016
    By: Helene R Hechtkopf, Esq. and Jeffrey Alan Miller, Esq., of Counsel

**SPATT, District Judge.**

This case arises from allegations by the Plaintiff Robert Koehler (the "Plaintiff") that he suffered injuries because of the negligence of his employer the Defendant Metropolitan Transportation Authority (the "Defendant" or the "MTA") in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51. Presently before the Court is a motion by the Defendant, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), to dismiss the sole claim against it. For the following reasons, their motion to dismiss is granted.

1

# I. BACKGROUND

## A. The Alleged Facts

The following facts are drawn from the complaint unless otherwise stated and are taken as true for the purpose of resolving the instant motion:

During the relevant period, the Defendant was a "Public Authority, duly organized and existing under and by virtue of the laws of the State of New York," (Compl. at ¶ 2), which was "engaged in interstate commerce by rail and operated a system of railroads and railroad yards," (id. at ¶ 3), within the Eastern District. The Plaintiff worked for the Defendant as a police officer for some period of time including the date November 16, 2014. (Id. at ¶ 4). On that date, November 16, 2014, the Plaintiff alleges that he was injured in the performance of his duties as a police officer near the K-Mart on the Long Island Rail Road (the "LIRR") Main Concourse at Pennsylvania Station because of the negligence, carelessness, recklessness of the Defendant. (Id. at ¶¶ 6, 7). The Defendant owns and operates Pennsylvania Station, and assigns its police officers to work there. (Id. at ¶ 5). The Plaintiff further alleges that his injuries were caused by, among other things, failing to inspect and keep the LIRR concourse in good repair; namely, in permitting a loose, unsecured and unnecessary stanchion to be and remain on the LIRR concourse. (Id. at ¶ 7).

## B. Relevant Procedural History

The Plaintiff commenced this action against the Defendant with the filing of a complaint on January 3, 2016. The complaint consists of nine numbered paragraphs totaling just more than two pages. The Plaintiff states one cause of action under the Federal Employers' Liability Act (the "FELA"), 45 U.S.C. § 51, alleging that the Plaintiff was injured because of the Defendant's

negligence in permitting a loose and unsecured stanchion to be in the Pennsylvania Station concourse.

On March 21, 2016, the Defendant filed a Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Defendant makes two intertwining arguments: namely, that the Plaintiff does not allege sufficient facts for an FELA claim, and that the pleading standards for FED. R. CIV. P. 8 announced in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and Bell Atlantic v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) apply to FELA actions.

On March 22, 2016, the Plaintiff filed a memorandum in opposition to the Defendant's motion. In it, the Plaintiff makes three arguments all in support of the proposition that Iqbal, Twombly, and the pleading requirements of FED. R. CIV. P. 8 do not apply to FELA actions: 1) that the United States Supreme Court has a long line of precedents permitting bare bones pleading of FELA claims, and 2) that stare decisis constrains adherence to those principles, and 3) that the Defendant does not overcome the strong presumption of stare decisis. The Plaintiff argues in the alternative that if the Court finds that Iqbal and Twombly apply, that the Plaintiff has met that burden. The Plaintiff attached "one" exhibit, which consisted of eighteen pages. The exhibit includes: the MTA Police Department Draft Incident Report; a Service-Related Injury Report; apparent screen shots of what appears to be an internal MTA Police Department tracking system; an MTA Workers' Compensation Form; a New York State Workers' Compensation Board Employee Claim Form; a Request for Medical Leave Form; and an Authorization for Exchange of Medical Information.

The Defendant filed a reply memorandum in further support of its motion to dismiss the complaint on April 4, 2016.

For the reasons stated below, the Defendant's motion is granted.

## II.  DISCUSSION

**A. As to the Plaintiff's Submission of Exhibits with His Memorandum of Law in Opposition**

As noted above, the Plaintiff attached eighteen pages of exhibits to his memorandum in opposition to the Defendant's Motion to Dismiss. These exhibits were not attached to the complaint, nor were they referenced in the complaint. The Plaintiff does not appear to rely on these documents in support of his memorandum, but instead states that he attached them to "stand in proof of [the] [D]efendant's actual knowledge of both the [P]laintiff's accident and the injuries he suffered." Pl. Mem. of Law at 2. The Court declines to consider them in deciding the Defendant's motion to dismiss.

"When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir.1993). Therefore, when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint, the court may nevertheless take that document into consideration in deciding a defendant's motion to dismiss, without converting the motion into one for summary judgment. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47–48 (2d Cir.1991).

However, when a party submits additional evidence to the Court in connection with a motion to dismiss, beyond the scope of those allowed under, (e.g.,) Brass and Cortec, "a district

4

court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under FED. R .CIV. P. 56 and afford all parties the opportunity to present supporting material.' " Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)); see also Fed.R.Civ.P. 12(b); *405 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366.

In this case, the Court has decided to exclude the material that was provided by the Plaintiff as exhibits attached to his memorandum of law and decide the motion on the complaint alone.

## B. The Standard of Review

### 1) As to Whether Iqbal and Twombly apply to FELA actions

The Plaintiff asserts that the pleading standards of Iqbal and Twombly do not apply to FELA claims. The Court disagrees. In the Court's view, Iqbal and Twombly lay out the standard for pleading all civil actions in federal court.

Iqbal was also a case where the petitioner asked the United States Supreme Court to hold that the pleading standard elucidated under Twombly should only narrowly be applied to one type of case. 556 U.S. at 684. The Court held that the pleading standard they announced in Twombly was not only applicable to antitrust actions, but to "all civil actions." Id. "The [Twombly] decision was based on our interpretation and application of Rule 8. That Rule in turn governs the pleading standard in all civil actions and proceedings in the United States district courts. Our decision in Twombly expounded the pleading standard for *all civil actions*, and it applies to antitrust and discrimination suits alike." Id. (internal citations and quotations omitted) (emphasis added). Actions commenced under FELA are civil actions. Therefore, complaints filed under FELA must comply with Iqbal and Twombly.

The Supreme Court has not addressed the question of pleading FELA claims after Iqbal, However, as the Plaintiff admits, the Second Circuit itself affirmed a dismissal where the district court applied Iqbal and Twombly apply to a FELA claims in a summary order. Bruno v. Metro. Transp. Auth., 344 F. App'x. 634 (2d Cir. 2009). The Second Circuit applied Iqbal and Twombly when they reviewed the motion to dismiss de novo. Id. at 635. The Plaintiff has asked that the Court not follow the Second Circuit's decision because the Bruno decision is unpublished. Pl. Mem. of Law at 2.

Although Bruno is an unpublished summary order, and it is not binding on this Court, 2d Cir. Local R. 32.1.1, that does not mean that the Court is free to disregard its guidance. See United States v. Payne, 591 F.3d 46, 58 (2d Cir.2010) ("Denying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases") (quoting Order dated June 26, 2007, adopting 2d Cir. Local R, 32.1.); see also Mendez v. Starwood Hotels & Resorts Worldwide, Inc., 746 F.Supp.2d 575, 595 (S.D.N.Y. 2010) ("[A] summary order has no precedential effect on any court, although it has to be deemed some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion.").

Even though the decision is unpublished, and does not hold precedential value, the Court follows the Second Circuit's guidance and adopts its rationale.

The Court further notes that numerous courts in the Second Circuit have also applied the Iqbal and Twombly standard to FELA actions. See McCrain v. Metro. Transp. Auth., No. 1:15-CV-8818 (VSB) (S.D.N.Y. September 27, 2016); Crawford v. Nat'l R.R. Passenger Corp., No. 3:15-CV-131 (JBA), 2015 WL 8023680, at *12 (D. Conn. Dec. 4, 2015), appeal dismissed (June 10, 2016), reconsideration denied, No. 3:15-CV-131 (JBA), 2015 WL 9239743 (D. Conn. Dec. 17, 2015); Daly v. Norfolk S. Ry. Co., No. CIV. 09-4609 WJM, 2010 WL 3310715, at *1 (D.N.J.

Aug. 19, 2010); Goodrich v. Long Island R. Co., No. 10 CIV. 2195 (SAS), 2010 WL 2473593, at *1 (S.D.N.Y. June 17, 2010), aff'd sub nom. Goodrich v. Long Island Rail Rd. Co., 654 F.3d 190 (2d Cir. 2011); Maloney v. CSX Transp., Inc., No. 109-CV-1074 (GLS\GHL), 2010 WL 681332, at *2 (N.D.N.Y. Feb. 24, 2010).

The Plaintiff's assertions that the Court should not follow Iqbal and Twombly are without merit. The Plaintiff is unable to cite a single case that was decided after 1957 in support of his assertion that the Supreme Court permits bare bones pleading standards under FELA. Iqbal and Twombly decided the pleading standards for all civil actions, and thus overturned prior precedents. See Twombly, 550 U.S. at 586 ("even if the majority . . . is correct, its 'plausibility' standard is irreconcilable with Rule 8 and with our governing precedents") (Stevens, J., dissenting).

Of importance, the Court notes that none of the cases cited by the Plaintiff, including those decided before 1957, stands for the proposition that the pleading standard for an FELA claim is different than the pleading standard for any other civil claim in federal court. See Arnold v. Panhandle & Santa Fe Ry. Co., 353 U.S. 360, 361, 77 S. Ct. 840, 841, 1 L. Ed. 2d 889 (1957) (holding that the reversal of a jury verdict in Plaintiff's favor was improper because reversal was based on a "local [Texas] practice"); Dice v. Akron, Canton & Youngstown R.R. Co., 342 U.S. 359, 363, 72 S. Ct. 312, 314, 96 L. Ed. 398 (1952) (holding that federal law governed plaintiff's claim in Ohio Court of Common pleas where he claimed that he had been fraudulently induced into waiving an FELA claim); Brown v. W. Ry. Of Alabama, 338 U.S. 294, 298, 70 S. Ct. 105, 107, 94 L. Ed. 100 (1949) (holding that local pleading rules of the state "cannot be used to impose unnecessary burdens upon rights of recovery authorized by federal law," namely, FELA, even though the case was filed in state court,); Grand Trunk W. Ry. Co. v. Lindsay, 233 U.S. 42, 48, 34 S. Ct. 581, 583, 58 L. Ed. 838 (1914) (holding that where the factual allegations in the complaint

expressly bring the case within FELA, the plaintiff need not invoke the terms of the FELA statute; Seaboard Air Line Ry. v. Duvall, 225 U.S. 477, 481-82, 32 S. Ct. 790, 56 L. Ed. 1171 (1912) (same).

The Plaintiff claims that he is asking the Court to follow stare decisis, but he is unable to provide any precedent for the Court to follow. Furthermore, as the Plaintiff argues in his first point, "principles of stare decisis constrain adherence to United States Supreme Court precedents unless explicitly overruled by the United States Supreme Court itself." Pl. Mem. of Law at 3. The Court notes this because even if the standards for pleading FELA actions were different before Iqbal and Twombly were decided, those cases would have changed the pleading standard for FELA actions. As noted above, the Court unequivocally stated that in Iqbal that "Twombly expounded the pleading standard for all civil actions." 556 U.S. at 684. However, as previously stated, the Plaintiff has failed to provide any authority, either before or after Iqbal and Twombly, that supports his proposition that FELA claims are governed by a lower pleading standard.

Accordingly, the Court will adhere to the precedent set by the United States Supreme Court and follow the guidance of the United States Court of Appeals for the Second Circuit, and will apply the standard announced under Iqbal and Twombly to the complaint.

**2) The Iqbal and Twombly Standard**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. See Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006); Bold Electric, Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995); Reed v. Garden City Union Free School Dist., 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Twombly, 550 at 570. The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. 662).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 679.

**C. As to Whether the Complaint States a Plausible Claim for Relief Under the FELA**

    **1) The Applicable Law - Negligence Claims under the FELA**

The FELA provides that any railroad entity engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury or death resulting whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U.S.C. § 51. Plaintiffs asserting negligence under the FELA must establish the traditional common law elements: (1) duty; (2) breach; (3) foreseeability; and (4) causation of injury. See Tufariello v. Long Island R.R. Co., 458 F.3d 80, 87 (2d Cir.2006).

**2) Application of the Facts of this Case**

Even assuming that the allegations in the complaint are true, and drawing all reasonable inferences in the Plaintiff's favor, the Court finds that the Plaintiff fails to state a claim upon which relief can be granted because the complaint does not sufficiently plead a claim for negligence under the FELA. Although the Plaintiff sufficiently alleges that he was working as an employee of a railroad entity engaging in commerce, and that the Defendant breached a duty that was owed to the Plaintiff, the Plaintiff does not allege an injury, or any facts that would plausibly support an inference that the Defendant's breach caused the Plaintiff's injury, or that the Plaintiff's injury was foreseeable because of the Defendant's breach. The complaint cannot allege causation because it does not even state what injury the Plaintiff suffered.

Reading the complaint liberally, the Plaintiff lists several duties, including the duty to provide employees with a safe workplace. (Pl. Memo. of Law at ¶ 7). See <u>Ulfik v. Metro-North Commuter R.R.</u>, 77 F.3d 54, 58 (2d Cir. 1996) (holding that under the FELA, an employer has a "duty to provide its employees with a safe workplace"). The Plaintiff alleges that the Defendant breached that duty by "permitting a loose, unsecured, and unnecessary stanchion to be and remain at the aforesaid location." (Pl. Memo. of Law at ¶ 7).

However, the Plaintiff has failed to plead the final two elements of negligence. The Plaintiff does not explain how the loose, unsecured, and unnecessary stanchion caused his injury, what the injury was, and why the defendant should have foreseen the injury.

The Plaintiff alleges that he suffered "severe and disabling injuries." (Compl. at ¶ 6). As to causation, the complaint merely states that "the [P]laintiff . . . was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness, recklessness of the [D]efendant . . . ." (Pl. Memo. of Law at ¶ 6). The Plaintiff does not address foreseeability in any

way. These are bare conclusions without sufficient factual support. Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 553 n.3 ("Without some factual allegation in the complaint it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

The complaint does not state whether the injury was even caused by the unsecured stanchion, which is the only claim of breach plead with factual assertions. If the Defendant's negligence caused the Plaintiff's injury in some other way, that is unclear.

Although there is "a relaxed standard of causation [] under FELA", Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 543, 114 S. Ct. 2396, 2404, 129 L. Ed. 2d 427 (1994), "FELA is not a strict liability statute, and the fact that an employee is injured is not proof of negligence." Williams v. Long Island R.R. Co., 196 F.3d 402, 406 (2d Cir.1999). FELA "does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur." Gottshall, 512 U.S. at 543. The Plaintiff must allege that the negligence "played a part—no matter how small—in bringing about the injury." CSX Transp., Inc. v. McBride, 564 U.S. 685, 692, 131 S. Ct. 2630, 2636, 180 L. Ed. 2d 637 (2011). Here, the Plaintiff has failed to show how the Defendant's negligence, in any way, brought about the injury.

Accordingly, the Court finds that the Plaintiff has not sufficiently plead a cause for negligence under FELA, and the Court grants the Defendant's motion to dismiss the complaint against it without prejudice.

**D. As to the Plaintiff's Request for Leave to Amend**

Finally, in his legal memorandum, the Plaintiff "cross-move[s] for leave to file an amended complaint consistent with the deficiencies pointed out by the Court[] . . . ." Pl. Mem. of Law at 12. The Plaintiff did not attach a proposed amended pleading to his request. The Court denies the Plaintiff's request for leave to amend the complaint at this juncture, as it is procedurally improper.

Courts have held that a "bare request to amend a pleading" contained in a brief, which does not also attach the proposed amended pleading, is improper under FED. R. CIV. P. 15. See, e.g., Curry v. Campbell, 06-cv-2841 (DRH)(ETB), 2012 U.S. Dist. LEXIS 40341, at *22 (E.D.N.Y. Mar. 23, 2012) ("To satisfy the requirement of particular[it]y in a motion to amend a pleading, the proposed amended pleading must accompany the motion so that both the Court and opposing parties can understand the exact changes sought") (quoting AT&T Corp. v. Am. Cash Card Corp., 184 F.R.D. 515, 521 (S.D.N.Y. 1999)); see also Evans v. Pearson Enters., Inc., 434 F.3d 839, 853 (6th Cir. 2006) ("We agree with several of our sister circuits that a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought . . .—does not constitute a motion within the contemplation of Rule 15(a)") (quoting Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Under these circumstances, courts, in their discretion, may hold the motion to dismiss in abeyance pending the filing of the proposed pleading or deny the motion to amend without prejudice. See AT&T Corp., 184 F.R.D. at 521.

Accordingly, the Court finds the Plaintiff's request is procedurally improper under FED. R. CIV. P. 15 and, in its discretion, denies it on that basis without prejudice and with leave to renew as a formal motion.

### III. Conclusion

Based on the foregoing, the Defendant's motion to dismiss the complaint is granted, and the complaint is dismissed without prejudice. The Plaintiff's motion to amend the complaint is denied without prejudice and with leave to refile as a formal motion.

The Plaintiff has twenty days from the date of this decision to file his motion to amend the complaint formally under FED. R. CIV. P. 15. If the Plaintiff fails to file such a motion by November 3, 2016, the Clerk of the Court is ordered to close the case.

It is **SO ORDERED.**

Dated: Central Islip, New York

October 14, 2016

_/s/ Arthur D. Spatt_

ARTHUR D. SPATT

United States District Judge
