UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT KOEHLER,                                                             16-cv-0003 (ADS)(AYS)

                Plaintiff,                                         **AMENDED COMPLAINT**

      -against-                                                              **PLAINTIFF DEMANDS**
                                                                           **TRIAL   BY   JURY**
METROPOLITAN TRANSPORTATION AUTHORITY,


                Defendant.
------------------------------------------------------------------------X

       Plaintiff, ROBERT KOEHLER, by his attorney, PHILIP J. DINHOFER, LLC, complaining of the defendant, respectfully shows to this Court and alleges:

       1.   The action herein arises under the Federal Employers' Liability Act (45 U.S.C. Sec. 5l, et seq.), as hereinafter more fully appears.

       2.   Upon information and belief and at all times herein mentioned, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY was a Public Authority, duly organized and existing under and by virtue of the laws of the State of New York and authorized to do business within the jurisdiction of this Court.

       3.   At all time herein after, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, was engaged in interstate commerce by rail and operated a system of railroads and railroad yards within the jurisdiction of this court and in various states.

       4.   That on or prior to November 16, 2014 the Defendant, METROPOLITAN TRANSPORTATION AUTHORITY, employed the plaintiff, ROBERT KOEHLER, as a Police Officer, under its direction and control and in furtherance of its business with interstate commerce.

5. That on, and for many years prior to, November 16, 2014, the defendant, METROPOLITAN TRANSPORTATION AUTHORITY owned, leased, maintained, operated, controlled, supervised and/ or otherwise assigned its police officer's to work at a certain railroad property, more specifically Pennsylvania Station, New York, New York, at or near the K-Mart on the Main LIRR Concourse, which included the tracks, rails, switches, sidings, train cars, roadbeds and appurtenances thereto, over through and upon which the defendant operated its engines, trains and cars under its direction and control.

6. That on or about November 16, 2014, while the plaintiff, ROBERT KOEHLER, was in the performance of his duties as a Police Officer at or near the aforesaid location he was caused to sustain severe and disabling injuries by the reason of the negligence, carelessness and/or recklessness of the defendant as herein set forth.

7. That on or about November 16, 2014 the plaintiff observed another officer (believed to be a New York State Trouper), alone without his assigned partner in the vicinity of the K-Mart on the Main LIRR Concourse level of Pennsylvania Station, New York, NY, who was then involved in an altercation while engaged in the course of effecting an arrest of a non-compliant perpetrator.

8. That on or about November 16, 2014 after calling for backup assistance and while in the course of assisting the aforesaid arresting officer (and/or New York State Trouper), the aforesaid non-compliant perpetrator grabs onto, lifts and swings an unsecured stanchion situated thereat using it as a weapon and causing plaintiff to twist to move out of the way of being struck by the swung stanchion thereby tearing his right pectoralis and rotator cuff, amongst other injuries and damages, inclusive of, inter alia, thereby being caused to be absent from his employment with the defendant, suffering lost wages and other such general and compensatory damages both past, present and future.

9. That injury arising from the afore-described circumstances, whereby inter alia, the officer (and/or New York State Trouper) was wrongfully working in the field and making an arrest without his assigned partner and/or whereby the stanchion was left unsecured and in a location where it could be used as a weapon by a member of the public at large situated in Pennsylvania Station, New York, NY, including but not limited to the officer's (and/or New York State Trouper's) arrestee, and/or whereby necessary, timely and/or appropriate backup was not supplied to a police officer engaged in the course of an arrest and altercation with a non-cooperative perpetrator, was reasonably foreseeable.

10. That the said accident and resulting injuries to the plaintiff were caused solely by reason of the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees' in failing to exercise due care and diligence; in failing to provide plaintiff with a safe place to work and safe equipment with which to work; in failing to promulgate safety rules and procedures for activities carried out by their personnel at the aforesaid place; in failing to warn plaintiff of the existence of the dangers involved in the performance of his duties as a Police Officer; in failing to provide the plaintiff with the necessary and proper manpower, tools and/or equipment with which to work; in failing to make proper and adequate provisions for the safety of plaintiff; in failing to inspect, maintain and keep in good repair the premises and LIRR Concourse of the aforesaid location; in permitting a loose, unsecured and unnecessary stanchion to be and remain at the aforesaid location; in failing to foresee that a loose, unsecured and unnecessary stanchion could be used by a member of the public at large, including an arrestee, as a weapon; in permitting the officer and/or New York State Trouper to be on assignment in the field without his assigned partner; in permitting the officer and/or New York State Trouper to become involved in an arrest and/or altercation while on assignment in the field without his assigned partner; in failing to provide

plaintiff with a necessary, timely and/or appropriate backup; in failing to take heed of prior similar events; in failing to promptly and timely respond or to provide assistance; in failing to inspect, maintain and keep in good repair the said location, premises and concourse; in that the defendant failed to promulgate and enforce proper and safe rules for the safe conduct of the work operations of the railroad and the defendant was otherwise generally negligent under the circumstances.

11. That the said injuries were occurred while the plaintiff was acting in furtherance of interstate commerce, or in work substantially affecting the same.

12. That the plaintiff, ROBERT KOEHLER was damaged thereby in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

WHEREFORE, plaintiff, ROBERT KOEHLER, demands judgment against the defendant, METROPOLITAN TRANSPORTATION AUTHORITY, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Rockville Centre, New York
October 16, 2016

*Philip J. Dinhofer*

By: Philip J. Dinhofer, #6940
PHILIP J. DINHOFER, LLC
Attorneys for Plaintiff(s)
77 N. Centre Ave. - Suite 311
Rockville Centre, NY 11570
516-678-3500

TO: Helene R. Hechtkopf, Esq.
Attorneys for Defendant MTA
Hoguet Newman Regal & Kenney, LLP
10 E. 40th Street, 35th Floor
New York, NY 10016
(Via ECF)